DANIEL H. REISS (SBN 150573)
JACQUELINE L. RODRIGUEZ (SBN 198838)
LEVENE, NEALE, BENDER, RANKIN & BRILL L.L.P.
10250 Constellation Blvd., Suite 1700
Los Angeles, CA 90067
Telephone: (310) 229-1234
Facsimile:  (310) 229-1244
E-Mail: dhr@lnbrb.com; jlr@lnbrb.com

Attorneys for DAKS, LLC, Debtor and
Debtor in Possession

**FILED & ENTERED**

**MAY 27 2010**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY kent          DEPUTY CLERK

**CHANGES MADE BY COURT**

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

| | |
|---|---|
| In re | Case No.: 8:07-bk-12044 RK |
| DAKS, LLC, a California limited liability corporation, | Chapter 11 |
| Debtor and Debtor in Possession. | ORDER GRANTING MOTION FOR ENTRY OF ORDER AUTHORIZING AND APPROVING: (1) SALE OF REAL PROPERTY AND CERTAIN PERSONAL PROPERTY ASSETS PURSUANT TO 11 U.S.C. § 363 FREE AND CLEAR OF ALL LIENS, CLAIMS, AND INTERESTS; AND (2) ASSUMPTION AND ASSIGNMENT OF LEASE UNDER 11 U.S.C. § 365 |
| | Hearing:<br>DATE:    May 19, 2010<br>TIME:    11:30 a.m.<br>PLACE:  Courtroom 5D<br>              411 West Fourth Street<br>              Santa Ana, CA 92701-4593 |

1

1    On May 19, 2010, the Court held a hearing on the motion (the "Motion") filed by

2  DAKS, LLC, the debtor and debtor-in-possession in the above-entitled Chapter 11

3  bankruptcy case (the "Debtor") for the entry of an order authorizing and approving: (1) the

4  sale of the Debtor's real property located at 18 Harbor Island Drive , Newport Beach,

5  California (the "Harbor Island Property") and of certain related personal property described

6  in the Motion and below (the "Personal Property" and, together with the Harbor Island

7  Property, the "Property") free and clear of all liens, claims and/or interests pursuant to

8  Section 363 of 11 U.S.C. §§ 101 et al. as amended (the "Bankruptcy Code"); (2) the

9  assumption and assignment of a lease of a dock adjacent to the Harbor Island Property

10  which is described in the Motion and below (the "Tidelands Lease") pursuant to Section

11  365; and (3) certain additional related relief.   Appearances at the hearing were as set forth

12  on the record.

13    The Court finds that:

14    (1)    This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and

15  1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N) and (O).

16  Venue of this case and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

17  This order constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a).

18    (2)    Debtor and its authorized brokers and agents, HÔM Real Estate Group and

19  Willis Allen Real Estate, have conducted a thorough and adequate search for potential

20  purchasers for the Harbor Island Property and the Personal Property, and the sale was

21  conducted in accordance with the requirements of the Order Granting Motion of Debtor for

22  Order Granting Approval of Sale Procedures for Sale of Debtor's Assets Free and Clear of All

23  Liens, Claims, Encumbrances and Other Interests Pursuant to Sections 105 and 363 of the

24  Bankruptcy Code and Granting Related Relief, entered May 20, 2010, and in a fair and open

25  manner reasonably calculated to produce the highest and best offer for the Harbor Island

26  Property and the Personal Property.   The highest and best offer received by Debtor at or

27  before the hearing on the Motion was received from Gwendolyn Wilson, the Trustee of the

28  Telluride Trust dated February 21, 2010 (the "Purchaser") as described in the purchase and

1   sale agreement and related supplements and exhibits attached as Exhibit 1 to the Motion (the

2   "Purchase Agreement")

3         (3)      Proper and adequate notice of the Motion, the hearing on the Motion, and the

4   transactions contemplated in the Motion, including without limitation the sale of the Harbor

5   Island Property and the Personal Property and the assignment of the Tidelands Lease, has

6   been provided in accordance with Sections 105(a), 363 and 365 of the Bankruptcy Code and

7   Rules 2002, 6004, 6006 and 9014 of the Bankruptcy Rules.

8         (4)      Approval of the Purchase Agreement and consummation of the transactions

9   contemplated therein is in the best interests of the Debtor, its creditors, estates and other

10  parties in interest.  Debtor has established that strong business reasons exist for selling the

11  Property outside the ordinary course of business and outside a plan and assignment of the

12  Tidelands Lease.

13        (5)      The Court finds that the Purchase Agreement was negotiated, proposed and

14  entered into by the Debtor and the Purchaser in good faith and from arm's-length bargaining

15  positions, and that the terms of the Purchase Agreement are fair and reasonable.

16        (6)      Elizabeth C. Adams, Trustee of the Carver Trust No. 1 dated September 22,

17  1988, and Leroy L. Carver III (collectively and individually "Carver") did not exercise their

18  purported right to purchase within 10 days of receipt of a Notice of Sale dated February 22,

19  2010 (Exhibit "B" to the Debtor's Notice Of Motion And Motion Of Debtor For Order

20  Establishing Sale Procedures For Sale Of Debtor's Assets Free And Clear Of All Liens,

21  Claims, Encumbrances And Other Interests Pursuant To Sections 105 And 363 Of The

22  Bankruptcy Code And Granting Related Relief (the "Sales Procedures Motion") filed with

23  this Court on April 1, 2010, docket no. 230) pursuant to that certain Right of First Refusal

24  dated January 8, 1991, as amended by a First Amendment, dated May 20, 1993 ("Right of

25  First Refusal" or "ROFR", which are collectively annexed as Exhibit "A" to the Sales

26  Procedures Motion and incorporated herein) with respect to the sale of the Harbor Island

27  Property authorized by this Order;

28

1    (7)    On June 18, 1993, a Judgment Pursuant to Stipulation was entered in 18

2    Harbor Island Corp. v. Leroy L. Carver III, Superior Court of the State of California for the

3    County of Orange, Case No. 661446 ("Stipulated Judgment"); and

4    (8)    At the hearing on April 13, 2010 on the Sales Procedure Motion, it was

5    determined by the Court that the Debtor had complied with the terms of the ROFR and, to the

6    extent applicable, had discharged its obligations (if any) thereunder with respect to the sale of

7    the Harbor Island Property.

8    Having considered the Motion, the evidence filed in support thereof, the response

9    filed to the Motion by the Estate of Debra Simon (the "Simon Estate") and the opposition

10   filed to the Motion by First Federal Bank ("First Federal"), and having found notice to

11   have been adequate and appropriate under the circumstances (including but not limited to

12   notice to the parties required or which may be required to be sent notice in connection with

13   the purported First Right of Refusal), having provided the opportunity for overbids to be

14   submitted for the Property (as defined below), the Simon Estate having argued that the sale

15   could not take place free and clear of the Lis Pendens of the Simon Estate (as successor to

16   Debra Simon) without consent, and the Simon Estate having consented to such sale free

17   and clear of such Lis Pendens (but conditioned upon certain terms and provisions provided

18   in this Order), and based on the findings and for the reasons set forth on the record,

19   THE COURT HEREBY ORDERS as follows:

20   A.    the Motion is hereby granted in its entirety, subject to the other terms of this

21   Order;

22   B.    all capitalized terms not defined in this Order shall have the same meaning

23   assigned to them in the Motion;

24   C.    the sale of the Harbor Island Property and the Personal Property (jointly

25   referred to herein as the "Property") to the Gwendolyn Wilson, the Trustee of the Telluride

26   Trust dated February 21, 2010 (the "Purchaser") as described in the sale agreement and

27   related supplements and exhibits attached as Exhibit 1 to the Motion (the "Purchase

28

4

1   Agreement") is hereby authorized and approved in its entirety subject to the terms of this

2   Order;

3        D.    upon the payment of the purchase price, the Property shall be transferred,

4   and title shall be passed, to Purchaser pursuant to, and to the fullest extent permitted by

5   Sections 105(a) and Section 363(f) of the Bankruptcy Code, free and clear of all liens,

6   claims and/or interests, subject to the terms of this Order, with all such liens, claims and/or

7   interests of any kind or nature whatsoever attaching to the proceeds of the sale of the

8   Property.  Without limiting the foregoing, and except as otherwise specifically provided in

9   the Purchase Agreement, the Purchaser shall not be liable for any claims against the

10  Property, whether known or unknown, whether fixed or contingent, arising prior to the

11  closing of the sale transaction.  Except as otherwise specifically provided in the Purchase

12  Agreement or this Order, all parties holding liens, encumbrances or claims/interests of any

13  kind against Debtor or the Property, hereby are forever barred, estopped and permanently

14  enjoined from asserting such persons' or entities' liens, encumbrances or claims/interests

15  against the Purchaser or the Property;

16       E.    the Property shall be sold "as is" and "where is," without warranty or

17  recourse, except as otherwise specifically provided in the Purchase Agreement;

18       F.    pursuant to the consent of the Simon Estate, and upon the close of the sale

19  of the Property as approved by this Order, the Simon Estate shall be deemed to release the

20  Simon Lis Pendens against the Harbor Island Property, as identified in item/exception 21

21  on Schedule B to the preliminary title report attached as Exhibit "A" ("Title Report") to

22  that certain "Lodgment Of Exhibits 'A' And 'B' To Order Granting Motion For Entry Of

23  Order Authorizing And Approving: (1) Sale Of Real Property And Certain Personal

24  Property Assets Pursuant To 11 U.S.C. § 363 Free And Clear Of All Liens, Claims, And

25  Interests; And (2) Assumption And Assignment Of Lease Under 11 U.S.C. § 365" (the

26  "Exhibit Lodgment"), Court docket entry number 243, which is incorporated herein by this

27  reference, without the need for any further filings or documentation by any party, and the

28

1 sale of the Property shall be and is hereby authorized and approved free and clear of the

2 Debra Simon Lis Pendens with the Simon Estate's consent;

3      G.     the Purchaser is a good faith purchaser of the Property for purposes of

4 Section 363(m) of the Bankruptcy Code; accordingly, the reversal or modification on

5 appeal of the authorization provided herein to consummate the transactions contemplated

6 by the Purchase Agreement shall not affect the validity of such transactions as to

7 Purchaser, except to the extent such authorization is duly stayed pending appeal prior to

8 consummation;

9      H.     the Debtor's assumption of the Tidelands Lease and assignment of the

10 Tidelands Lease to the Purchaser is hereby authorized and approved pursuant to Section

11 365 of the Bankruptcy Code and the Debtor is authorized to pay all amounts to the lessor

12 under the Tidelands Lease as reasonably determined and necessary to cure any arrearage

13 under the Tidelands Lease, and the Debtor having not waived any right to dispute any

14 alleged arrearages under the Lease prior to the assignment to Purchaser; the Purchaser shall

15 be deemed to have provided adequate assurance of its future performance under the

16 Tidelands Lease within the meaning of Sections 365(b)(1)(C), 365(b)(3) and 365(f)(2)(B)

17 and upon payment of the cure amount, no defaults shall exist under the Tidelands Lease;

18      I.     the Debtor is hereby authorized to take all necessary and reasonable steps to

19 consummate the sale of the Property and to complete the assumption and assignment of the

20 Tidelands Lease;

21      J.     the Debtor and the Debtor's estate are deemed to be discharged from all

22 obligations under the First Right of Refusal upon the close of the sale of the Harbor Island

23 Property;

24      K.     pursuant to Section 365(k) of the Bankruptcy Code, the Debtor and the

25 Debtor's estate are deemed relieved from any liability for any breach of the Tidelands

26 Lease occurring after the assignment of the Tidelands Lease to Purchaser.

27      L.     the Debtor is hereby authorized to pay the following amounts from the sale

28 proceeds out of escrow at closing without the need to seek the further consent of the Simon

Estate or any other parties in interest and without the need for further notice and order of this Court:

  1. the commission of the Debtor's real estate brokers in connection with the sale (the "Commission") as described in the Motion;

  2. all secured real property taxes, and related assessments and penalties, including without limitation those identified in items/exceptions 1-3 on Schedule B to the Title Report;

  3. the principal balance of $5,875,464.23 due to First Federal on its deed of trust;

  4. the principal balance of $2,800,000.00 due to YSA, LLC ("YSA") on its claim, together with interest of $118,136.99 through May 30, 2010 and $383.56 per diem thereafter until YSA is paid in full, fees and costs of $25,212.84, and an additional $150,000.00 if YSA is not paid all amounts owed in full on or before July 27, 2010 (additional amounts shall be owed to YSA, as provided under the Settlement Agreement between YSA, the Debtor, the Simon Estate and Debra Simon dated as of June 1, 2009 and approved by Order of this Court entered July 16, 2009 (the "YSA Agreement"), if YSA is not paid all amounts owed in full before July 27, 2011);

  5. the undisputed principal balance owed to the HOA on its secured lien, not to exceed $32,488.76;

  6. all undisputed and unpaid amounts due under the Tidelands Lease prior to its assumption and assignment;

  7. up to $51,233.69 to Lauren Stone, the special administrator of the Simon Estate, as reimbursement for out-of-pocket expenses that she incurred on the Debtor's behalf, at the Debtor's request, for the care, protection, and preservation of the Property plus an amount for advances made for such purposes from and after May 19, 2010 and through the date of closing, subject to the provision of reasonable documentation of such payments to Richard Golubow, Manager of the Debtor;

8.    all reasonable and customary escrow, closing and recording costs, as well as the cost of any title insurance premiums and endorsements (the "Closing Costs") necessary and proper to conclude the sale of the Property in accordance with the terms of the Purchase Agreement except that such Closing Costs shall not include the fees or costs of any of the Debtor's professionals with the exception of the Commission authorized to be paid above; and

9.    all fees due to the Office of the United States Trustee (the "OUST") through the end of the last quarter before the closing of the sale of the Property and all OUST fees due to based on payments due in connection with the distributions listed in subsections (1) – (8) of this section regardless of when such U.S. Trustee fees are to be paid and without prejudice to the rights or claims of the Simon Estate as to the payment of further fees thereafter;

M.    the liens, claims, interests and other encumbrances (if any) of a lienholder, claimant or interest holder, including without limitation those items/exceptions 1 through 4 and 17 through 27, inclusive, listed on Schedule B to the  Title Report  that are not paid from the sale proceeds out of escrow at closing (including without limitation, the Simon Estate and with respect to the Debra Simon Lis Pendens, and the related claimed lien of Duane Morris, item 27) shall transfer from the Property and shall attach to the net cash proceeds of the sale of the Property as well as the two residential real properties (including any other real or personal property related thereto) to be received by the Debtor as part of the sale transaction (collectively, the "Properties in Trade") without the need for the entry of a further order of this Court, with the same force, effect, extent, validity and priority, if any, that such disputed liens, claims and/or interests (collectively, the "Disputed Liens, Claims and  Interests") had with respect to the Property, subject to any and all defenses, offsets, counterclaims and/or rights of any party relating thereto;

N.    promptly after the closing of the sale, a certified copy of this Order (or other similar document reasonably acceptable to the Simon Estate and the Debtor) shall be recorded by the Debtor against the Properties in Trade to provide actual and constructive

notice of the terms of this Order as they relate to the Properties in Trade, including without limitation, to give notice of the Debra Simon Lis Pendens which shall be deemed impressed upon such properties with the same priority, validity and extent as it had against the Harbor Island Property, and no further notice, filing, recording or order thereon shall be necessary to effectuate and/or preserve the same;

O.     the consent of the Simon Estate to the sale of the Harbor Island Property is without prejudice to the Simon Estate's right to continue to assert in the Family Court Action (to the same extent as the Debtor has stipulated and agreed thereto and/or the Court has approved the same, as it relates to the Debtor and this Case) that the Debtor is not (or was not, as applicable) the legal and beneficial owner of the Harbor Island Property, and all rights or claims emanating therefrom;

P.     the Simon Estate's claim of ownership of the Harbor Island Property and the Personal Property shall be impressed upon, transferred to and shall attach to all sales proceeds, cash and non-cash (including, without limitation the Properties in Trade) to the same extent as it existed in the Harbor Island Property; this Order shall not act as any determination, concession or admission with respect to the Simon or the Simon Estate's claim of ownership; shall not act as any determination or admission with respect to any matter for purposes of this Case or the Family Court Action; shall not act as a waiver or determination of any claim, right or matter arising in or in connection with this Case or the Family Court Action; shall not act as a determination as to the characterization of any such right or interest; shall not act as a characterization of any property; shall not act as a determination of the ownership or value of any property; shall not act as a waiver of any claim, right or matter arising out of or relating to the sale as between the Simon Estate, Debra Simon, Arnold Simon, the Debtor, the creditors and/or other parties-in-interest except as expressly set forth herein; and shall not in any way affect matters as between Arnold Simon, Debra Simon, the Simon Estate, the Debtor, the creditors or other parties-in-interest, relevant in any respect to the Case or Family Court Action, including any ownership claim, property division or allocation of assets and liabilities, except as

expressly set forth herein, all of which matters are expressly preserved and reserved. Further, to the extent any of these issues have been reserved for trial or determination in the Family Court Action, nothing in the Motion, or any order thereon (including without limitation this Order), will affect the same or any other agreement or order in this Case relating thereto;

Q.    the claim of interest by the Simon Estate in any and all proceeds of the Harbor Island Property and the Properties in Trade shall transfer, impress and shall be a charge against such proceeds to the same priority, validity and extent as it had against the Harbor Island Property;

R.    the Debtor shall deposit cash proceeds in the amount of $2,500,000.00 in a segregated, interest bearing account to be held until the allowed secured claims of First Federal are satisfied in full or further order of this Court (the "First Federal Set-Aside"); the First Federal Set-Aside may be disbursed to pay allowed secured claims of First Federal, including interest, charges and/or fees, without further Court order upon the Debtor's obtaining the consent of the Simon Estate; or if the Simon Estate does not consent, upon order of this Court after reasonable notice and opportunity to be heard pursuant to the procedure described in paragraph U below

S.    except for the First Federal Set-Aside, any amounts agreed to by and between the Debtor and the holders of the Disputed Liens, Claims and Interests, including interest, charges and/or fees of YSA, may be paid from the sale proceeds out of escrow at closing or thereafter ~~without further Court order upon the Debtor's obtaining the consent of the Simon Estate; or if the Simon Estate does not consent,~~ upon order of this Court after reasonable notice and opportunity to be heard pursuant to the procedure described in paragraph U below **(the court, sua sponte, reconsiders its ruling with respect to allowing amounts agreed to by Debtor and holders of Disputed Liens, Claims and Interests, to be paid out of the sale proceeds without further court order and requires further court order for such payments – Debtor and holders of Disputed Liens, Claims and Interests may seek authorization of agreed payments from the sales**

1 **proceeds on shortened notice pursuant to Local Bankruptcy Rule 9075-1**);

2      T.    other than as set forth in paragraphs L, R and S above, the payment, use,

3 distribution, turnover, encumbrance or other disposition of, or from, the proceeds of the

4 sale of the Harbor Island Property for or on account of other claims, interests, liens or other

5 items not expressly addressed above may only be made upon the entry of a further order of

6 the Court;

7      U.    any motion or application made with respect to the sale, use, encumbrance,

8 turnover or other disposition of the proceeds from the sale, use or other disposition of the

9 Harbor Island Property or the Properties in Trade shall be filed using the following

10 procedure:

11         1. the motion or application shall be filed with the Court on no less than

12          35 days' notice;

13         2. any opposition thereto may be filed 21 days prior to the hearing; and

14         3. any reply brief shall be filed no later seven days prior to the hearing.

15      V.    the procedure set forth in the immediately preceding paragraph and subparts

16 is pursuant to an agreement of the Debtor and the Simon Estate, and may be waived by

17 mutual written agreement among the Debtor and the Simon Estate and, if a third party is

18 the movant or applicant, such other movant or applicant, without need to file such waiver

19 with the Court.  In the event of such written waiver, the movant or applicant shall comply

20 with applicable federal and local bankruptcy rules;

21      W.    the Properties in Trade shall not be sold, transferred or encumbered, in

22 whole or in part, without the entry of a further order(s) of the Court and upon the notice

23 and opportunity to be heard and shall be in accordance with the Stipulation re Management

24 of Equity Interest in DAKS, LLC and Appointment of Assister, as amended by the

25 Addendum thereto dated November 21, 2007 executed by the parties (the "Original

26 Stipulation") and the First Amendment To Stipulation Re Management Of Equity Interest

27 In DAKS, LLC And Appointment Of Assister approved by order of this Court on July 16,

28 2009 (collectively, the "Harbor Island Stipulation"), the YSA Agreement, and the

applicable provisions of the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure;

X.    except as set forth above as to permitted payments at the close of escrow, the Debtor is hereby authorized and instructed to deposit all cash proceeds of the sale of the Harbor Island Property into a segregated interest-bearing debtor-in-possession bank account, as well as the segregated interest-bearing debtor-in-possession account for deposit of the First Federal Set-Aside pursuant to paragraph R above, with Richard Golubow, Manager as exclusive signatory to such accounts, pending further order of the Court.

Y.    Richard Golubow, as appointed manager of the Debtor, will retain the sole authority and duty to deal with the Harbor Island Property, the sales proceeds thereof and the Properties in Trade on behalf of the Debtor, and shall continue to act as the sole and exclusive Manager of the Debtor, subject to further Court order, in each case consistent with the terms of this Order and other orders of the Court.

Z.    nothing in this Order shall be construed to modify, be inconsistent with or contradict the Harbor Island Stipulation and/or the YSA Agreement or other prior orders entered by this Court;

AA.    consistent with the Harbor Island Stipulation, proceeds received from the sale of the Harbor Island Property shall be used, in accordance with the priority scheme set forth in the Bankruptcy Code, to satisfy the allowed claims of professionals employed by the Debtor pursuant to 11 U.S.C. § 327 as of the date of entry of this Order, but only to the extent such claims are allowed by Order of this Court.  The Simon Estate or any representative, affiliate or beneficiary thereof shall not object to the allowance or payment of fees to such professionals on the grounds that the Debtor does not own all legal or beneficial interests in or have control of the proceeds of the sale of the Harbor Island Property.  Notwithstanding the foregoing and any other term of this Order, nothing herein shall be construed as a waiver or diminution of the Simon Estate's claim of an interest in any or all assets of the Debtor's bankruptcy estate, including all proceeds of the sale, use or disposition of the Harbor Island Property or the Properties in Trade;

BB.   the impressing and transfer of the Debra Simon Lis Pendens to the Properties in Trade shall not alter the rights or obligations of the Debtor or the Simon Estate under the Harbor Island Stipulation or the YSA Agreement as it relates to the Properties in Trade as proceeds of the Harbor Island Property;

CC.   (1)   Pursuant to Section 3 of the Right of First Refusal, within ten (10) days after service of a written request, Carver shall execute and return such documentation as is requested by the Debtor or the Purchaser to confirm that Carver's right of first refusal under the ROFR has been irrevocably waived as to the sale of the Harbor Island Property. Pursuant to Section 3 of the ROFR and paragraph 10 of the Stipulated Judgment, if Carver does not deliver the duly executed documents within the ten (10) day period, the Debtor or the Purchaser may submit such documents to the Clerk of the Orange County Superior Court and have the Clerk execute such documents on behalf of Carver.

(2)   Pursuant to Section 7 of the Right of First Refusal, within ten (10) days after service of a written request, Carver shall execute and return any subordination agreement substantially similar to the Subordination Agreement attached to the Exhibit Lodgment as Exhibit "B", which is incorporated herein by this reference, as is requested by the Debtor or the Purchaser.  Pursuant to Section 7 of the ROFR and paragraph 10 of the Stipulated Judgment, if Carver does not deliver the duly executed requested documents with the ten (10) day period, Debtor or Gwendolyn Wilson as Trustee of the Telluride Trust dated February 21, 2010, may submit such documents to the Clerk of the Orange County Superior Court and have the Clerk execute such documents on behalf of Carver.

(3)   the Debtor shall be deemed to be discharged from all obligations under the Right of First Refusal upon the close of the sale of the Harbor Island Property;

DD.   the Debtor, the Purchaser and all other parties claiming an interest in the Harbor Island Property shall execute such documents, file such pleadings, and take such other action as are necessary to comply with the terms of this Order;

EE.   the ten-day waiting period set forth in Rules 6004(h) and Rule 6006(d) of the

1    Federal Rules of Bankruptcy Procedure are hereby waived; and

2        FF.    the findings of fact set forth above and conclusions of law stated herein and

3    made on the record at the hearing on the Motion shall constitute this Court's findings of

4    fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052, made

5    applicable to this proceeding pursuant to Federal Rule of Bankruptcy Procedure 9014.

6        **IT IS SO ORDERED.**

7                                        ###

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25    DATED: May 27, 2010    _____

26                                United States Bankruptcy Judge

27

28

14

| In re:<br><br>DAKS, LLC.,<br><br>Debtor(s). | CHAPTER 11<br><br>CASE NUMBER 8:07-bk-12044-RK |
|---|---|

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 10250 Constellation Blvd., Suite 1700, Los Angeles, California 90067.

A true and correct copy of the foregoing document described **ORDER GRANTING MOTION FOR ENTRY OF ORDER AUTHORIZING AND APPROVING: (1) SALE OF REAL PROPERTY AND CERTAIN PERSONAL PROPERTY ASSETS PURSUANT TO 11 U.S.C. § 363 FREE AND CLEAR OF ALL LIENS, CLAIMS, AND INTERESTS; AND (2) ASSUMPTION AND ASSIGNMENT OF LEASE UNDER 11 U.S.C. § 365**  will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

I.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **May 26, 2010,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

II.  **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On **May 24, 2010**, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

Honorable Robert Kwan
United States Bankruptcy Judge
411 West Fourth Street, Suite 1565
Riverside, California  82701  (by overnight delivery)

☒  Service information continued on attached page

III.  **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL  (**indicate method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____  I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| May 24, 2010 | Carla Sharpe | /s/ Carla Sharpe |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

| In re:<br>DAKS, LLC.,<br><div align="right">Debtor(s).</div> | CHAPTER 11<br><br>CASE NUMBER 8:07-bk-12044-RK |
| --- | --- |

## II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL

DAKS, LLC
c/o Arnold Simon
525 Seventh Avenue, Suite 307
New York, NY 10018-4930

DAKS, LLC
c/o Arnold Simon
205 West 39th Street, 7th Floor
New York, NY 10018-0101

U.S. Trustee - Santa Ana
411 West Fourth Street
Suite 9041
Santa Ana, CA 92701-8000

American International Companies
Private Client Group
70 Pine Street, 21st Floor
New York, NY 10270-0002

County of Orange
Dept. of Treasurer & Tax Collector
P.O. Box 1982
Santa Ana, CA 92702

County of Orange
RDMD - Attn: Catherine Lapid
300 North Flower Street
Santa Ana, CA 92702-4048

County of Orange
Environmental Management Agency
300 North Flower Street
Santa Ana, CA 92703-5001

First Federal Bank of California
402 Wilshire Boulevard
Santa Monica, CA 90401

Franchise Tax Board
Special Procedures
P.O. Box 2952
Sacramento, CA 95812-2952

Internal Revenue Service
Attn: Mia Bak
Insolvency I Stop 5022
300 N. Los Angeles St., #4062
Los Angeles, CA 90012-9903

Leroy L. Carver III
Pacific Farms USA, LP
P.O. Box 51505
Eugene, OR 97405-0909

Rocker, Cynthia
c/o Peter Hermes - Hermes & Glavin
1880 Century Park East, Suite 914
Los Angeles, CA 90067-1612

Special Litigation Counsel
Gary Waldron, Esq./Sherry S. Bragg, Esq.
Waldron & Olson, LLP
23 Corporate Plaza Drive, Suite 200
Newport Beach, CA 92660-7957

Harbor Island Community Association
c/o Total Property Management, Inc.
2 Corporate Park, Suite 200
Irvine, CA 92606

NJ Division of Taxation
Division of Taxation
P.O. Box 642
Trenton, NJ 08646-0642

RSN-Counsel for Debra A. Simon
Stephen Kolody, William Glucksman
Kolodny & Anteau
9100 Wilshire Blvd, 9th Fl., West Tower
Beverly Hills, CA 90212-3425

RSN-Counsel for Orange County Treasurer-
Tax Collector and County of Orange
James C. Harman, Senior Deputy
333 West Santa Ana Blvd., Suite 407
PO Box 1379
Santa Ana, CA 92702-1379

RSN-Counsel for First Federal Bank of CA
Steven Richman
Epport, Richman & Robbins, LLP
1875 Century Park Est, Suie 800
Los Angeles, CA 90067

RSN-Counsel for Leroy L. Carver III
Glenn D. Dassoff, Esq./John Schafer, Esq.
Paul, Hastings, Janofsky & Walker LLP
695 Town Center Drive, 17th Floor
Costa Mesa, CA 92626

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1**

| In re:<br>DAKS, LLC.,<br><div align="right">Debtor(s).</div> | CHAPTER 11<br><br>CASE NUMBER 8:07-bk-12044-RK |
| --- | --- |

RSN-Counsel to YSA, LLC
Jacqueline Le, Esq.
PICOCO, LLC
4343 Von Karman Ave., 3rd Floor
Newport Beach, CA 92660

Real Estate Broker
Willis Allen Real Estate
Attn:  Sarah Flynn-Tudor
1131 Wall Street
La Jolla, CA  92037

Real Estate Broker
Hom Real Estate Group
Attn:  Vicki Lee
1200 Newport Center Drive, Suite 100
Newport Beach, CA 92660

Counsel-Harbor Island Community Ass.
Nathan T. McIntyre
McIntyre Law Group
P.O. Box 1098
Huntington Beach, CA 92647-1098

Employment Development Department
Bankruptcy Group MIC 92E
P.O. Box 826880
Sacramento, CA 94280-0001

Internal Revenue Service
Centralized Insolvency Operations
P.O. Box 21126
Philadelphia, PA 19114-0326

Securities & Exchange Commission
5670 Wilshire Boulevard, 11th Floor
Los Angeles, CA 90036-5627

Santa Ana Division
411 West Fourth Street, Suite 2030
Santa Ana, CA 92701-4500

Arnold Simon
205 West 39th Street, 5th Floor
New York, NY 10018-0101

Coldwell Banker-Residential Brokerage
c/o Rich Meaney
Nexus Companies
1 MacArthur Place, Suite 300
Santa Ana, CA 92707-5942

County of Orange
James C. Harman, Sr. Deputy
10 Civic Center Plaza, Suite 407
Santa Ana, CA 92701-4017

Elizabeth C. Adams/Trustee
c/o Glenn D. Dassoff
Paul, Hastings, Janofsky & Walker LLP
695 Town Center Drive, 17th Floor
Costa Mesa, CA 92626-1924

Chriss W. Street
Orange County Treasurer-Tax Collector
Attn:  Bankruptcy Unit
P.O. Box 1438
Santa Ana, CA 92702-1438

State of New Jersey
Division of Taxation Bankruptcy Unit
P.O. Box 245
Trenton, NJ 08646-0245

Internal Revenue Service
Insolvency Stop 5503
2400 Avila Road
Laguna Niguel, CA 92677

Anne Milgram
Attorney General of New Jersey
Richard J. Hughes Complex
P.O. Box 106
Trenton, NJ 08625-0106

Cynthia Rocker
10390 Wilshire Blvd., Apt. 1003
Los Angeles, CA 90024-6419

RSN-Counsel for YSA, LLC
Oscar Garza, Esq.  **
Kenneth A. Glowacki, Jr., Esq.  **
Gibson, Dunn & Crutcher LLP
3161 Michelson Drive
Irvine, CA 92612-4412

RSN-Counsel for Coldwell Banker
Jeanne M. Jorgensen, Esq.  **
Page & Jorgensen LLP
1101 Dove Street, Suite 220
Newport Beach, CA 92660

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                        **F 9013-3.1**

| In re:<br><br>DAKS, LLC.,<br><br>Debtor(s). | CHAPTER 11<br><br>CASE NUMBER 8:07-bk-12044-RK |
|---|---|

Assister
Richard H. Golubow, Esq. **
WinthropCouchot, P.C.
660 Newport Center Drive, Suite 400
Newport Beach, CA  92660

Counsel-Estate of Debra Simon
Christopher Celentino, Esq. **
Duane Morris LLP
101 West Broadway, Suite 900
San Diego, CA  92101-8285

Address pursuant to Proof of Claim
Coldwell Banker Residential Brokerage **
c/o Jeanne M. Jorgensen
Page & Jorgensen LLP
5160 Campus Drive
Newport Beach, CA 92660

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                                    **F 9013-3.1**

| In re:<br><br>DAKS, LLC.,<br><br>                                 Debtor(s). | CHAPTER 11<br><br>CASE NUMBER 8:07-bk-12044-RK |
|---|---|

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled **ORDER GRANTING MOTION FOR ENTRY OF ORDER AUTHORIZING AND APPROVING: (1) SALE OF REAL PROPERTY AND CERTAIN PERSONAL PROPERTY ASSETS PURSUANT TO 11 U.S.C. § 363 FREE AND CLEAR OF ALL LIENS, CLAIMS, AND INTERESTS; AND (2) ASSUMPTION AND ASSIGNMENT OF LEASE UNDER 11 U.S.C. § 365** was entered on the date indicated as  Entered   on the first page of this judgment or order and will be served in the manner indicated below:

**I.  SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of **May 26, 2010**, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

- Kathryn M Catherwood     kmcatherwood@duanemorris.com
- Christopher Celentino   ccelentino@duanemorris.com
- Melissa M Coyle    mcoyle@erlaw.com
- Anthony A Friedman    aaf@lnbrb.com
- Oscar Garza    ogarza@gibsondunn.com
- Kenneth A Glowacki    kglowacki@gibsondunn.com
- Kenneth A Glowacki, Jr    KGlowacki@gibsondunn.com
- Nancy S Goldenberg    nancy.goldenberg@usdoj.gov
- Richard H Golubow    rgolubow@winthropcouchot.com, pj@winthropcouchot.com
- Gil Hopenstand    gh@lnbrb.com
- Jeanne M Jorgensen    jjorgensen@pj-law.com, esorensen@pj-law.com
- Thomas H Prouty    thomas.prouty@troutmansanders.com, tina.diego@troutmansanders.com
- Craig M Rankin    cmr@lnbrb.com
- Daniel H Reiss    dhr@lnbrb.com
- Jacqueline L Rodriguez   jlr@lnbrb.com
- John P Schafer    jps@mandersonllp.com
- Wendy Shapnick    wshapnick@erlaw.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

**II.  SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

DAKS, LLC, 525 Seventh Avenue, Suite 307, New York, NY 10018-4930
James C Harman, 333 W Santa Ana Blvd, Ste 407, Santa Ana, CA 92702-1379
Sherry S. Bragg, Waldron & Olson, 23 Corporate Plaza Drive, Suite 200, Newport Beach, CA 92660-7957
Nathan T. McIntyre, McIntyre Law Group, P.O. Box 1098, Huntington Beach, CA 92647-1098

**II.  TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an  Entered   stamp, the party lodging the judgment or order will serve a complete copy bearing an  Entered   stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s), and/or email address(es) indicated below:

☒    Service information continued on attached page

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

| In re:<br>DAKS, LLC.,<br><br>                                    Debtor(s). | CHAPTER 11<br><br>CASE NUMBER 8:07-bk-12044-RK |
|---|---|

DAKS, LLC
c/o Arnold Simon
205 West 39th Street, 7th Floor
New York, NY 10018-0101

U.S. Trustee - Santa Ana
411 West Fourth Street
Suite 9041
Santa Ana, CA 92701-8000

American International Companies
Private Client Group
70 Pine Street, 21st Floor
New York, NY 10270-0002

County of Orange
Dept. of Treasurer & Tax Collector
P.O. Box 1982
Santa Ana, CA 92702

County of Orange
RDMD - Attn: Catherine Lapid
300 North Flower Street
Santa Ana, CA 92702-4048

County of Orange
Environmental Management Agency
300 North Flower Street
Santa Ana, CA 92703-5001

First Federal Bank of California
402 Wilshire Boulevard
Santa Monica, CA 90401

Franchise Tax Board
Special Procedures
P.O. Box 2952
Sacramento, CA 95812-2952

Internal Revenue Service
Attn:  Mia Bak
Insolvency I Stop 5022
300 N. Los Angeles St., #4062
Los Angeles, CA 90012-9903

Leroy L. Carver III
Pacific Farms USA, LP
P.O. Box 51505
Eugene, OR 97405-0909

Rocker, Cynthia
c/o Peter Hermes - Hermes & Glavin
1880 Century Park East, Suite 914
Los Angeles, CA 90067-1612

Harbor Island Community Association
c/o Total Property Management, Inc.
2 Corporate Park, Suite 200
Irvine, CA 92606

NJ Division of Taxation
Division of Taxation
P.O. Box 642
Trenton, NJ 08646-0642

RSN-Counsel for Debra A. Simon
Stephen Kolody, William Glucksman
Kolodny & Anteau
9100 Wilshire Blvd, 9th Fl., West Tower
Beverly Hills, CA 90212-3425

RSN-Counsel for First Federal Bank of CA
Steven Richman
Epport, Richman & Robbins, LLP
1875 Century Park Est, Suie 800
Los Angeles, CA 90067

RSN-Counsel to YSA, LLC
Jacqueline Le, Esq.
PICOCO, LLC
4343 Von Karman Ave., 3rd Floor
Newport Beach, CA 92660

Real Estate Broker
Willis Allen Real Estate
Attn:  Sarah Flynn-Tudor
1131 Wall Street
La Jolla, CA  92037

Real Estate Broker
Hom Real Estate Group
Attn:  Vicki Lee
1200 Newport Center Drive, Suite 100
Newport Beach, CA 92660

Employment Development Department
Bankruptcy Group MIC 92E
P.O. Box 826880
Sacramento, CA 94280-0001

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                              **F 9021-1.1**

| In re:<br><br>DAKS, LLC.,<br><br>Debtor(s). | CHAPTER 11<br><br>CASE NUMBER 8:07-bk-12044-RK |
|---|---|

Internal Revenue Service
Centralized Insolvency Operations
P.O. Box 21126
Philadelphia, PA 19114-0326

Securities & Exchange Commission
5670 Wilshire Boulevard, 11th Floor
Los Angeles, CA 90036-5627

Santa Ana Division
411 West Fourth Street, Suite 2030
Santa Ana, CA 92701-4500

Arnold Simon
205 West 39th Street, 5th Floor
New York, NY 10018-0101

Coldwell Banker-Residential Brokerage
c/o Rich Meaney
Nexus Companies
1 MacArthur Place, Suite 300
Santa Ana, CA 92707-5942

Elizabeth C. Adams/Trustee
c/o Glenn D. Dassoff
Paul, Hastings, Janofsky & Walker LLP
695 Town Center Drive, 17th Floor
Costa Mesa, CA 92626-1924

Chriss W. Street
Orange County Treasurer-Tax Collector
Attn: Bankruptcy Unit
P.O. Box 1438
Santa Ana, CA 92702-1438

State of New Jersey
Division of Taxation Bankruptcy Unit
P.O. Box 245
Trenton, NJ 08646-0245

Internal Revenue Service
Insolvency Stop 5503
2400 Avila Road
Laguna Niguel, CA 92677

Anne Milgram
Attorney General of New Jersey
Richard J. Hughes Complex
P.O. Box 106
Trenton, NJ 08625-0106

Cynthia Rocker
10390 Wilshire Blvd., Apt. 1003
Los Angeles, CA 90024-6419

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                      **F 9021-1.1**